(Docket Entry No. 4 )

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                                        :

WILLIAM STAPPERFENNE and      :
MARJAREE MAYNE-STAPPERFENNE,  :
                                                           :
          Plaintiffs,             :      Civil No. 05-4883 (RBK)
                                   :
        v.                   :      **OPINION**
                                   :
NOVA HEALTHCARE               :
ADMINISTRATORS, INC., et al.,     :
                                   :
         Defendants.       :
_____:

**KUGLER**, District Judge:

      This matter comes before the Court upon motion by Defendants Nova Healthcare Administrators, Inc. ("NOVA") and Sevenson Environmental Services, Inc. ("Sevenson") to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons that follow, the Court will deny the Defendants' motion.

**I.  BACKGROUND**

      Plaintiff William Stapperfenne is an employee of Sevenson. On or about October 1, 2000, the Defendants allegedly executed and delivered to William Stapperfenne a health insurance coverage plan ("the Plan") with the group name Sevenson Environmental Service, Group No. 149. The parties agree that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., governs the Plan.

On June 14, 2003, William Stapperfenne married Plaintiff Marjaree Mayne-Stapperfenne. William Stapperfenne contends that shortly thereafter, he added his wife to the Plan as a dependent pursuant to the Dependent Special Enrollment Period clause contained in the Plan agreement. Immediately after adding Plaintiff Marjaree Mayne-Stapperfenne as a dependent, William Stapperfenne allegedly began making additional payments for the additional dependent coverage.

Beginning in July 2003, Plaintiff Marjaree Mayne-Stapperfenne incurred surgical and hospital expenses. The amount of these medical bills totals approximately $20,000. (Compl. ¶ 8.) Plaintiffs purportedly submitted Notices of Claim to the Defendants regarding these expenses and have "performed all of the conditions of the insurance policy required to be performed by the plaintiffs." (Compl. ¶ 7.) However, the Plaintiffs allege that the Defendants have rejected the Plaintiffs' claims for payment. Specifically, Plaintiffs contend that "although due demand has been made by the plaintiffs, the defendants have failed and refused, and still fail and refuse to pay plaintiffs' claim." (Compl. ¶ 9.)

Consequently, on March 15, 2005, Plaintiffs initiated this lawsuit in New Jersey Superior Court, Law Division, Cumberland County. In the original Complaint, Plaintiffs sued NOVA for the alleged denial of coverage under the Plan. On or about September 19, 2005, the Plaintiffs filed an Amended Complaint which added Sevenson as a defendant. Shortly thereafter, on October 11, 2005, NOVA and Sevenson removed the action to this Court on the basis of federal question jurisdiction. In lieu of an answer, NOVA and Sevenson filed the present motion to dismiss on November 9, 2005.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

In addition, the Court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). District courts have original subject matter jurisdiction over (1) civil actions arising under the Constitution, laws or treaties of the United States and (2) civil actions between diverse parties where the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332. In considering a motion to dismiss for lack of subject matter jurisdiction, "the person asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.1993).

## III. DISCUSSION

In the current motion to dismiss, NOVA and Sevenson argue that Plaintiffs have failed to exhaust their administrative remedies as required under the Plan. As a result, the Defendants contend that the Court lacks subject matter jurisdiction over the Plaintiffs' claims, and further, that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. (Def. Mem.

at 3-4.)

In response, the Plaintiffs allege that they did, in fact, exhaust their administrative remedies under the Plan.  Plaintiffs contend that they sent multiple, written requests for review of the denial of their claims and that these written requests substantially complied with the appeals procedure outlined in the Plan. (Pl. Opp. at 2.)  Alternatively, Plaintiffs argue that it would be futile for them to continue to send requests for review on each and every form denying benefits, because (1) the Defendants have been non-responsive to their prior efforts, and (2) the denial forms all contained essentially the same information. (Pl. Opp. at 7.)

Absent an applicable exemption, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan. Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990).  In ERISA cases regarding claims for benefits, courts have found that a failure to exhaust administrative remedies may constitute grounds for dismissal pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Compare Amalgamated Transit Union Local 1345 v. Berks Area Reading Transp. Auth., No. 03CV05701, 2004 WL 1469288, *3-4 (E.D. Pa. June 29, 2004) (granting defendant's motion to dismiss an ERISA action based upon lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies), and Delong v. Teacher's Ins. & Annuity Ass'n, No. Civ. A. 99-1384, 2000 WL 426193, *5 (E.D. Pa. Mar. 29, 2000) (same), and Kennedy v. Empire Blue Cross & Blue Shield, 796 F. Supp. 764, 767 (S.D.N.Y. 1992), aff'd 989 F.2d 588 (2d Cir. 1993) (same), with Menendez v. United Food & Commercial Workers Local 450T, AFL-CIO, No. 05-CV-1165, 2005 WL 1925787, at *1-2 (D.N.J. Aug. 11, 2005) (addressing a Rule 12(b)(6) motion to dismiss an ERISA action for failure to exhaust administrative remedies), and Lawson v. Nationwide Mut. Ins. Co., No. Civ. A. 05-1249, 2005 WL 1533102, at *5 (E.D. Pa. June 29, 2005) (same).

In the present matter, the Plan outlines the administrative procedure for appealing a denial of benefits claim. The Plan provides in relevant part:

This appeal provision will allow the Plan Participant to:

(a) Request from the Plan Administrator a review of any claim for benefits. Such request must include: the name of the Employee, his or her Social Security number, the name of the patient and the Group Identification Number, if any.

(b) File the request for review in writing, stating in clear and concise terms the reason or reasons for this disagreement with the handling of the claim.

The request for review must be directed to the Plan Administrator or Claims Administrator within 60 days after the claim payment date or the date of the notification of denial of benefits.

. . . the Plan Administrator will provide the Plan Participant with a written response within 60 days of the date the Plan Administrator receives the Plan Participant's written request for review, and if not notified, the Plan Participant may deem the claim denied. . .

A Plan Participant must exhaust the claims appeal procedure before filing a suit for benefits.

(See Plan, attached to Def. Mem.) Here, the Plaintiffs' opposition papers and attached exhibits reference several letters written by the Plaintiffs to the Claims Administrator, which Plaintiffs contend satisfy the above-quoted appeals procedure. However, none of these letters are directly incorporated in or attached to the Complaint or Amended Complaint, nor are they public records. Therefore, the Court will not consider them on a Rule 12(b) motion to dismiss. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that although

Court's generally only consider matters in the complaint, exhibits attached to the complaint, and matters of public record in deciding a motion to dismiss, the Court may also consider "a concededly authentic document upon which the complaint is based when the defendant attaches it to a motion to dismiss").[1]

Nevertheless, even putting aside these matters outside the pleadings, the Complaint itself contains allegations, which if viewed in a light most favorable to Plaintiffs, suggest that there may be a set of facts Plaintiffs can prove to demonstrate that they have either (1) exhausted administrative remedies in accordance with the Plan, or (2) that some exception to the exhaustion requirement may apply.  The Complaint provides that Plaintiffs "have performed all of the conditions of the insurance policy required to be performed by the plaintiffs" and further that "[t]o date, the defendants have rejected plaintiffs' claims with regard to the above-mentioned billing invoices, and, although due demand has been made by plaintiffs, the defendants have failed and refused, and still fail and refuse to pay plaintiffs' claims." (Compl. ¶¶ 7, 9.)  The Plaintiffs' opposition papers also explain in more detail the efforts taken by the Plaintiffs to appeal the Defendants' denial of Plaintiffs' claims for payment.  Although there is some dispute as to the timeliness of these efforts under the Plan and whether they substantially complied with the appropriate appeals procedure, the Court cannot properly decide those issues on this Rule 12 motion when the Court's examination is limited to the Plaintiffs' pleadings.

---

[1] The Defendants' attached a copy of the Plan to their motion to dismiss.  The Court may consider this document in deciding the motion to dismiss because the document forms the basis for Plaintiffs' claims in the Complaint and the Plaintiffs do not contest its authenticity.  See Pension, 998 F.2d at 1196; see also Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) ("Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.").

Here, the Complaint states that the Plaintiffs performed all of their obligations under the Plan. (See Compl. ¶¶ 7, 9)  Given these circumstances and the deference the Court must give to the factual allegations in the Complaint on a motion to dismiss, the Court will deny Defendants' motion. See Lawson, 2005 WL 1533102, at *5.  That said, should the Plaintiffs fail to substantiate their allegations after the parties complete discovery, the Court may grant summary judgment against them for failing to exhaust their administrative remedies. See id.; Owens-Wolkowicz v. Corsolutions Medical, Inc., No. Civ. A. 05-277, 2005 WL 1592903, *2-3 (E.D. Pa. June 30, 2005) (noting that although the factual assertions in the Complaint may be sufficient to withstand a motion to dismiss based upon an alleged failure to exhaust administrative remedies, the same failure to exhaust argument could be properly raised on summary judgment where the Plaintiff must submit competent evidence to support those assertions).

### IV.  CONCLUSION

For the reasons set forth above, the Court will deny Defendants' motion to dismiss.  An accompanying Order will issue today.


Dated:   4-17-06                                                          s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge